UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Laurie Birtell, as Independent Administrator of the Estate of John Birtell, deceased<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 3:21-cv-50136<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Laurie Birtell, as the independent administrator of the estate of decedent John Birtell—who died in the aftermath of a car wreck with an employee of the DEA, *see* Dkt. 96—brings this action under the Federal Tort Claims Act (FTCA) against the United States. Before the Court is the government's motion for judgment on the pleadings as to Birtell's wrongful death claim under Illinois law.[1] Because the claim has not been administratively exhausted, the motion is granted.

This result is compelled by the Seventh Circuit's decision in *Warrum v. United States*. 427 F.3d 1048 (7th Cir. 2005). There, the court held that when a wrongful death claim is "substantively distinct" from an underlying personal injury

---

[1] The parties seem to agree that Illinois law is the "law of the place" of the tort for purposes of the FTCA, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), an assumption under which the Court will proceed. *See Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies. We are busy enough without creating issues that are unlikely to affect the outcome of the case (if they were likely to affect the outcome the parties would be likely to contest them). We shall continue in this course.").

claim—as Illinois' is, *Carter v. SSC Odin Operating Co., LLC*, 976 N.E.2d 344, 354 (Ill. 2012) ("[T]he Wrongful Death Act created a new cause of action that does not accrue until death . . . .")—the FTCA requires that it be independently presented to the agency and exhausted before suit can validly commence, regardless of whether the decedent's underlying claim for personal injury is exhausted. *Warrum*, 427 F.3d at 1051. As Birtell concedes, she has not filed a new SF-95 setting forth the wrongful death claim since it accrued. Dkt. 106 at 4. It therefore must be dismissed for a failure of administrative exhaustion. *See* 28 U.S.C. § 2675(a). The dismissal is without prejudice.

Date: January 23, 2024

_____
Honorable Iain D. Johnston
United States District Judge